# EXHIBIT 1-A

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-0604-F

CAUSE NO. _____

| | | |
|---|---|---|
| ANGELICA RODRIGUEZ AND | § | IN THE COUNTY COURT |
| OLGA LIDIA BENAVIDES | § | |
|     PLAINTIFFS | § | |
| | § | |
| Vs. | § | AT LAW NO. _____ |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |
|     DEFENDANT | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION & DISCOVERY REQUESTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFFS, ANGELICA RODRIGUEZ and OLGA LIDIA BENAVIDES, (hereinafter referred to by their names and/or as "PLAINTIFFS") complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM" and/or as "DEFENDANT"), and for cause of action would respectfully show the Court the following:

### I. DISCOVERY PLAN

PLAINTIFFS intend to conduct discovery under Level 2 pursuant to Rule 190, Texas Rules Civil Procedure.

### II. PARTIES

PLAINTIFFS are residents of HIDALGO County, Texas.

DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is an insurance carrier duly licensed and lawfully doing business in the State of Texas. STATE FARM may be served with process by and through its registered agent, <u>CORPORATION SERVICE COMPANY, 211 E 7TH ST, STE 620, AUSTIN, TEXAS 78701</u>.

### III. JURISDICTION AND VENUE

This Court has personal jurisdiction over Defendant because it avails itself of the privilege of doing business in the State of Texas, and the subject matter of this action arises under the common law and statutes of the State of Texas. Furthermore, the amount in controversy is within the jurisdictional limits of this Court.

Venue is proper in this Court because suit on a policy against an insurance carrier may be

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

brought in the county in which the policyholder or beneficiary instituting the suit resided at the time the cause of action accrued, pursuant to Texas Civil Practice & Remedies Code § 15.032.

## IV. **STATEMENT OF FACTS**

On or about December 20, 2017, PLAINTIFFS, ANGELICA RODRIGUEZ and OLGA LIDIA BENAVIDES, were involved in a motor-vehicle accident in Hidalgo County, Texas. PLAINTIFFS sustained serious and disabling injuries when, Yolanda B. Alvarado, the driver of the automobile, 2015 Nissan Murano, caused a rear-end collision with another vehicle. PLAINTIFFS were passengers in the vehicle driven by Ms. Alvarado at the time of the accident. Ms. Alvarado failed to control the speed of her vehicle causing the front of her vehicle to strike the other vehicle from behind.

## V. **NEGLIGENCE**

Ms. Alvarado's aforementioned conduct constituted negligence, for one or more of the following reasons:

(a)     She failed to control the speed of her vehicle; and,

(b)     She failed to operate her motor vehicle as a reasonable driver of ordinary prudence would do in the same or similar circumstances.

The aforementioned actions and/or omissions were the proximate cause of the damages suffered by Plaintiffs, as set forth herein.

## VI. **PLAINTIFFS' DAMAGES**

PLAINTIFFS hereby pleas the following damages:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by PLAINTIFFS for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they took place;

**Medical Expenses for Plaintiff ANGELICA RODRIGUEZ:**

| (i) | STHS ER at Weslaco | $ | 6,691.00 |
|-----|--------------------|---|----------|
| (ii) | STHS ER Physicians | $ | 1,401.00 |
| (iii) | RFC Radiology | $ | 142.00 |
| (iv) | Valley Spine & Medical Center | $ | 5,211.00 |
| (v) | Open MRI of McAllen | $ | 3,200.00 |

2

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

|  | **Total Past Medical Expenses:** | $ | **16,645.00** |
|---|---|---|---|

**Medical Expenses for Plaintiff OLGA LIDIA BENAVIDES:**

| (i) | STHS ER at Weslaco | $ | 7,969.00 |
|---|---|---|---|
| (ii) | STHS ER Physicians | $ | 2,068.00 |
| (iii) | RFC Radiology | $ | 296.00 |
| (iv) | Valley Spine & Medical Center | $ | 5,479.00 |
| (v) | Open MRI of McAllen | $ | 3,200.00 |
|  | **Total Past Medical Expenses:** | $ | **19,012.00** |

B.   Reasonable and necessary medical care and expenses which in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Physical disfigurement in the past;

H.   Physical disfigurement which, in all reasonable probability, will be suffered in the future;

I.   Loss of earnings in the past;

J.   Loss of earning capacity which will, in all probability, be incurred in the future;

K.   Mental anguish in the past;

L.   Mental anguish in the future;

M.   Property damage;

N.   Loss of use;

O.   Attorney's fees.

P.   Court costs;

Q.   Past and, in all reasonable probability, future loss of marital consortium; and

R.   Interest.

**VII. <u>UNDERINSURED MOTORIST CLAIM</u>**

Plaintiffs would show that at the time of the occurrence, Ms. Alvarado maintained financial responsibility by way of an automobile insurance policy, but her limits of bodily injury

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-0604-F

liability coverage were so low that she was underinsured for the damages caused to Plaintiff. Preceding the filing of the present cause of action, Ms. Alvarado tendered the limit of her bodily injury liability insurance coverage of $60,000.00 divided among Plaintiffs and five other parties involved in the accident. Plaintiff, Angelica Rodriguez, received $7,005.49 from the agreement, and Plaintiff, Olga Lidia Benavides, received $8,001.71 from the agreement. Ms. Alvarado was accordingly released from any further financial liability arising from her negligence.

Plaintiffs would also show that at the time of the occurrence, they were covered under the Texas personal automobile insurance policy underwritten by Defendant STATE FARM, under Policy No. 2795343-C25-53N, which provided, among other things, underinsured motorist bodily injury coverage of up to $30,000.00 for each person with $60,000.00 for each accident.

Because Ms. Alvarado's negligence was the proximate cause of the aforementioned occurrence and because she failed to maintain financial responsibility in a sufficient amount to pay all damages proximately caused by her negligence, Plaintiffs subsequently made a claim with Defendant STATE FARM for the $60,000.00 policy limits of the underinsured motorist coverage, $30,000.00 for each plaintiff, to which STATE FARM assigned Claim No. 532428Z13.

Plaintiffs submitted detailed proof of loss, by way of a demand letter and documentation of all of the aforementioned damages, including medical records, and itemized bills. This detailed proof of loss was sent via facsimile, on August 15, 2018, and set forth a reasonable fifteen (15) day timeframe within which STATE FARM should tender its policy limit of $30,000.00 for each plaintiff. STATE FARM made no response within this reasonable timeframe. The Defendant, STATE FARM, failed to effectuate a prompt, fair, and equitable offer of the policy limit of $30,000.00 for each Plaintiff when liability was reasonably clear. STATE FARM offered no reasonable explanation for their failure to respond to the demand letter from Plaintiffs.

STATE FARM failed to tender the policy limit within this reasonable timeframe and continues to fail and refuse to tender the underinsured motorist limit of $30,000.00 for each Plaintiff. By reason of this failure, Plaintiffs hereby sue for payment of $30,000.00 for each Plaintiff from the underinsured motorist coverage to which each Plaintiff is entitled by the terms of the STATE FARM policy, as well as for all other monetary damages and remedies to which Plaintiffs are entitled by law by reason of STATE FARM's failure and refusal.

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

## VIII. NOTICE AND CONDITIONS PRECEDENT

Plaintiffs have served Defendant STATE FARM with notice of this claim, including documentation and detailed proof of loss, via the aforementioned letter on August 15, 2018. All other conditions precedent to maintaining this cause of action have been performed or have otherwise occurred.

## IX. DECLARATORY JUDGMENT

Based on the foregoing facts and circumstances, Plaintiffs seek a declaratory judgment, pursuant to Texas Civil Practice & Remedies Code § 37.001 et seq., to have their rights, status, and other legal relationships vis-à-vis Defendant, established by a Court of competent jurisdiction. In particular, Plaintiffs seek a declaration from the Court that:

    (a)    Ms. Alvarado was negligent and liable for the occurrence described above;

    (b)    The amount of compensable damages suffered by Plaintiffs as a result of said negligence exceeded the $7,005.49 already received by Angelica Rodriguez and the $8,001.71 already received by Olga Lidia Benavides from Ms. Alvarado's automobile insurance policy;

    (c)    The damages suffered by Plaintiffs fall within the terms of coverage afforded them under Policy No. 2795343-C25-53N with Defendant STATE FARM;

    (d)    The amount for all categories of economic and non-economic damages (as set forth in Section VI of this petition) that Plaintiffs are entitled to recover from Defendant STATE FARM for their underinsured motorist Claim No. 532428Z13, allowing for all applicable credits and offsets;

    (e)    Defendant STATE FARM has engaged in per se statutory violations of the Texas Insurance Code, as set forth in more detail below, and is liable for all remedies set forth in the pertinent subchapters;

    (f)    Defendant STATE FARM has breached its contract with Plaintiffs, and is liable for all remedies set forth at common law for said breach; and,

    (g)    Finally, specifying the amount of damages owed to Plaintiffs under the insurance contract with Defendant STATE FARM, including interest, reasonable and necessary attorneys' fees, Court costs, and other expenses.

## X. CAUSES OF ACTION

**A. Breach of Duty of Good Faith and Fair Dealing**

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

Under the established common law and judicial precedent in the State of Texas, Defendant STATE FARM owes its insured a duty of good faith and fair dealing, due to the special relationship that exists between and insurance carrier and its insured.

An insurance carrier is liable for breaching its duty of good faith and fair dealing owed to its insured when it fails to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim, as Defendant STATE FARM has done in this case.

As a result, Plaintiffs have suffered damages, including but not limited to: medical expenses; damage to their credit history due to unpaid medical expenses; loss of income; and additional interest due to delay in payment of this claim.

## B. Violations of Texas Insurance Code

STATE FARM's failure to attempt to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim, with respect to which STATE FARM's obligation has become reasonably clear, and its failure to promptly pay the full policy limits of Plaintiffs' coverage, constitute violations of Texas Insurance Code §§ 541 & 542, et seq. Specifically:

(a)    It is a violation of Chapter 541 for an insurer to engage in the following:

    (i)    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    (ii)    Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (iii)    Refusing, failing, or unreasonably delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and/or,

    (iv)    With respect to a Texas personal auto policy, delaying or refusing settlement of a claim solely because there is other insurance of a different type available to satisfy all or part of the loss forming the basis of that claim.

(b)    It is an "unfair claim settlement practice" and violation of Chapter 542 for an insurer to engage in the following:

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-0604-F

(i)    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear; and/or,

(ii)    Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

(c)    Defendant STATE FARM has violated the aforementioned statutory provisions and engaged in unfair claim settlement practices, by:

(i)    Unreasonably delaying in response to Plaintiff's initial detailed proof of loss and demand for underinsured motorist benefits;

(ii)    Further unreasonably delaying and altogether failing to respond to Plaintiff's subsequent extended deadline after providing additional documentation;

(iii)    Soliciting detailed documentation from Plaintiffs about health insurance coverage payments (i.e., explanation of benefits forms) made toward Plaintiffs' voluminous medical expenses, and using such request for documentation as a basis for unreasonably delaying and/or denying Plaintiffs' underinsured motorist claim, in direct violation of the aforementioned provisions of Chapters 541 and 42 of the Texas Insurance Code; and,

(iv)    Forcing Plaintiffs to institute the present cause of action to recover not only the $60,000.00 policy limit, but all additional actual damages beyond the policy limits, all interest, all attorneys' fees, all Court costs, and other such expenses, in an amount that would be substantially more than simply paying the policy limits due under the State Farm policy, in direct violation of the aforementioned provisions of Chapter 542 of the Texas Insurance Code.

(d)    In a lawsuit filed under the aforementioned subchapters of the Texas Insurance Code, Plaintiff may obtain:

(i)    The amount of actual damages, plus interest thereon at the rate of eighteen percent (18%) per annum;

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

(ii)    On a finding by the trier of fact that Defendant knowingly committed the act(s) complained of, an amount not to exceed three (3) times the actual damages;

(iii)    Reasonable and necessary attorneys' fees, which are to be taxed as Court costs, along with all other taxable Court costs; and,

(iv)    Any other relief which the Court deems proper.

(e)    Furthermore, pursuant to Texas Insurance Code § 542.061, the remedies provided under this subchapter are not exclusive and are in addition to any other remedy provided by statute or at common law.

## C. Breach of Contract

Plaintiffs would show that Ms. Alvarado entered into a binding agreement with Defendant STATE FARM for automobile insurance under Policy No. 2795-343-53L, and that there existed a meeting of the minds as to the premiums to be paid by Ms. Alvarado, and all actions to be taken by Plaintiffs upon suffering a covered loss, and the duties and obligations of STATE FARM toward Plaintiffs. Defendant breached the contract by failing to pay on a covered claim. Defendant's breach has proximately caused Plaintiffs's damages, to include the policy amount, interest on the policy amount at eighteen percent (18%) per annum, reasonable and necessary attorneys' fees in prosecuting this claim to seek the policy amount, and Court costs.

## XII. DISCOVERY REQUESTS

Plaintiffs hereby incorporate the following requests for discovery into this petition:

## A. Request for Disclosure

Defendant is hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2 (a) through (l) of the Texas Rules of Civil Procedure, to the undersigned counsel for Plaintiffs.

## B. Interrogatories

Defendant is hereby requested to answer separately, fully, in writing, and under oath, the interrogatories attached hereto as "Exhibit A," to the undersigned counsel for Plaintiffs, pursuant to Rule 197 of the Texas Rules of Civil Procedure, within fifty (50) days of service of this petition and incorporated request.

## C. Request for Admissions

Defendant is hereby requested to admit or deny, in writing, the propositions attached

**CL-19-0604-F**

hereto as "Exhibit B," to the undersigned counsel for Plaintiffs, pursuant to Rule 198 of the Texas Rules of Civil Procedure, within fifty (50) days of service of this petition and incorporated request.

**D. Request for Production**

Defendant is hereby requested to produce the documents or tangible items attached hereto as "Exhibit C," to the undersigned counsel for Plaintiffs, pursuant to Rule 196 of the Texas Rules of Civil Procedure, within fifty (50) days of service of this petition and incorporated request.

## XIII. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendant be cited to appear and answer, and that on final trial on the merits, Plaintiffs have and recover from Defendant the following:

(a)   Actual damages in an amount in excess of the minimum jurisdictional limits of this Court;

(b)   Pre-judgment at the highest legal rate of eighteen percent (18%) per annum;

(c)   Reasonable and necessary attorneys' fees;

(d)   Taxable Court costs;

(e)   Statutory damages in the amount of three (3) times the actual damages;

(f)   Post-judgment interest on the above amounts, compounded annually; and,

(g)   Such other and further relief, general or special, at law or in equity, to which the Court finds Plaintiffs justly entitled.

Respectfully submitted,

**LAW OFFICES OF MARIO DAVILA, PLLC**
**P.O. Box 3726**
**McAllen, Texas 78502**
**Telephone (956) 322-8997**
**Facsimile   (956) 682-3550**

BY:   */s/ Rodolfo "Rudy" Martinez, Jr.*
          MARIO DAVILA
          Texas State Bar No.: 24045750
          RODOLFO "RUDY" MARTINEZ, JR.
          Texas State Bar No.: 24092769
          Email:  rudymdlaw@gmail.com
          Eservice: mdlawlitigation@gmail.com
Attorneys for Plaintiffs

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

**"EXHIBIT A"**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

1. Please identify by name, title, and insurance adjuster's license (if applicable) with the Texas Department of Insurance, the following individuals:

   (a) All persons answering, assisting with, or providing information to be used for answering, these Interrogatories (including the person whose name is subscribed to the oath / verification to the answers).

   (b) All claims adjusters, claims handlers, supervisors, or any other such individuals involved with Defendant's handling of Plaintiffs' underinsured motorist bodily injury Claim No. 532428Z13.

2. Please state with particularity all reasons, bases, and justifications for Defendant's failure to pay the policy limits of Plaintiffs' underinsured motorist bodily injury Claim No. 532428Z13. See Tex. R. Civ. P. 192.3(j).

3. Please identify with particularity all credits, off-sets, or discounts (if applicable) that Defendant is claiming with regards to Plaintiffs' personal injury protection (PIP) benefits, health insurance benefits, or any other such source of recovery or insurance for Plaintiffs' damages in this matter. See Tex. R. Civ. P. 192.3(j).

4. If Defendant is contending that Plaintiffs were contributorily or comparatively negligent with respect to the accident made the basis of this claim, please describe in full the factual bases (including identification of documents and witnesses, if any) for the contention that Plaintiff was negligent. See Tex. R. Civ. P. 192.3(j).

5. If Defendant is contending that the accident made the basis of this claim was an unavoidable accident, or the result of a sudden emergency, please describe in full the factual bases (including identification of documents and witnesses, if any) for such contention. See Tex. R. Civ. P. 192.3(j).

6. If Defendant is contending that any of the medical treatment submitted in support of Plaintiffs' underinsured motorist bodily injury Claim No. 532428Z13 was not necessary, please describe in full the factual bases (including identification of documents and witnesses, if any) for such contention. See Tex. R. Civ. P. 192.3(j).

7. If Defendant is contending that any of the charges for medical treatment submitted in support of Plaintiffs' underinsured motorist bodily injury Claim No. 532428Z13 were not reasonable, please describe in full the factual bases (including identification of documents and witnesses, if any) for such contention. See Tex. R. Civ. P. 192.3(j).

8. If Defendant is claiming that any part of the entire file pertaining to Plaintiffs' underinsured motorist bodily injury claim is subject to attorney-client or work-product

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

privilege, then please identify the name of the attorney(s) that participated in, provided advice or counsel, or otherwise assisted in the process of evaluating Plaintiffs' claim.

9.      For each attorney listed in the answer to Interrogatory No. 8, please provide the date upon which that attorney first became involved in providing advice, counsel, or assistance in the evaluation of Plaintiffs' claim, as well as the general type of advice, counsel, or assistance that the attorney provided. This Interrogatory, of course, does not call for the disclosure of any communications between that attorney and any other employee of Defendant involved in the evaluation of Plaintiffs' claim.

10.     For each attorney listed in the answer to Interrogatory No. 8, please state whether that attorney is serving as defense counsel, or serving on the team of defense counsel, for the defense of this lawsuit.

11.     Please state the date upon which Defendant is claiming it anticipated lawsuit in this matter.

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

**"EXHIBIT B"**

## PLAINTIFFS FIRST REQUEST FOR ADMISSIONS

1.  Plaintiffs were covered under a policy of automobile insurance coverage with Defendant as of the date of the accident made the basis of this lawsuit.

ADMIT: _____ DENY: _____

2.  Yolanda B. Alvarado's automobile insurance coverage with Defendant included underinsured motorist bodily injury coverage.

ADMIT: _____ DENY: _____

3.  Yolanda B. Alvarado's underinsured motorist bodily injury coverage was in the amount of $60,000.00 as of the date of the accident made the basis of this lawsuit.

ADMIT: _____ DENY: _____

4.  Yolanda B. Alvarado's automobile insurance coverage with Defendant was in full force and effect as of the date of the accident made the basis of this lawsuit.

ADMIT: _____ DENY: _____

5.  Yolanda B. Alvarado was current in paying her premiums for automobile insurance coverage with Defendant as of the date of the accident made the basis of this lawsuit.

ADMIT: _____ DENY: _____

6.  Plaintiffs' counsel sent written demand for underinsured motorist benefits (Claim No. 532428Z13) dated August 15, 2018.

ADMIT: _____ DENY: _____

7.  Plaintiffs' counsel provided STATE FARM with medical records, itemized bills, and other written documentation for all economic damages asserted in Section VI of Plaintiffs' Original Petition for underinsured motorist benefits (Claim No. 532428Z13).

ADMIT: _____ DENY: _____

8.  Plaintiffs' counsel written demand for underinsured motorist benefits (Claim No. 532428Z13) contained written proof of Yolanda B. Alvarado's limits of automobile liability coverage.

ADMIT: _____ DENY: _____

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

9.    Plaintiffs' counsel's provided STATE FARM with a request for Defendant's consent for Plaintiff to settle his third party claim with Yolanda B. Alvarado's automobile liability insurance carrier for underinsured motorist benefits (Claim No. 532428Z13).

ADMIT: _____ DENY: _____

10.   Plaintiffs' counsel's written demand for underinsured motorist benefits (Claim No. 532428Z13) contained a demand for tender of Plaintiffs' underinsured motorist bodily injury limits within fifteen (15) days of Defendant's receipt of the written demand.

ADMIT: _____ DENY: _____

11.   Defendant granted its consent for Plaintiffs to settle the third party claim with Yolanda B. Alvarado's automobile insurance liability carrier.

ADMIT: _____ DENY: _____

12.   Defendant did not grant its consent for Plaintiffs to settle the third party claim with Yolanda B. Alvarado's automobile insurance liability carrier.

ADMIT: _____ DENY: _____

13.   Defendant conducted a background check into the financial solvency of Yolanda B. Alvarado.

ADMIT: _____ DENY: _____

14.   Defendant did not conduct a background check into the financial solvency of Yolanda B. Alvarado.

ADMIT: _____ DENY: _____

15.   Defendant did not tender the limits of Plaintiffs' underinsured motorist bodily injury coverage within fifteen (15) days of receipt of the August 15, 2018 written demand.

ADMIT: _____ DENY: _____

16.   Defendant's did not make an offer to Plaintiffs' August 15, 2018 Letter of Demand for Underinsured Motorists.

ADMIT: _____ DENY: _____

17.   Defendant received the August 15, 2018 Letter of Demand for Underinsured Motorists from Plaintiffs' counsel.

ADMIT: _____ DENY: _____

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

18.     Defendant is governed by the statutory provisions of the Texas Insurance Code.

ADMIT: _____ DENY: _____

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

**"EXHIBIT C"**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1.  A true and correct copy of the full and complete policy / contract of insurance that existed between Yolanda B. Alvarado and Defendant as of the date of the accident made the basis of this lawsuit.

2.  A true and correct copy of the full and complete claims handling files (including files of all claims adjusters, managers, or supervisors) maintained by Defendant with regard to Plaintiffs' underinsured motorist bodily injury claim that is the subject of this lawsuit, including memos, notes, meeting minutes, e-mail communications, or recorded telephone conversations between claims handlers, adjusters, supervisors, etc., with regard to Plaintiffs' claim (excluding any documents prepared in anticipation of lawsuit).

3.  Any and all documents evidencing the existence and amount of any credits or off-sets being claimed by Defendant (whether for personal injury protection (PIP), health insurance benefits, or any other source of insurance or recovery for Plaintiffs).

4.  Any and all claims handling handbooks, manuals, or training materials generated or provided by Defendant to any of the claims adjusters, supervisors, etc. involved in the evaluation of Plaintiffs' underinsured motorist bodily injury claim.

5.  Any and all documents in support of the contention (if applicable) that Yolanda B. Alvarado failed to comply with any provisions of their policy of insurance with Defendant.

6.  Any and all documents in support of the contention (if applicable) that Plaintiff was contributorily or comparatively negligent with regard to the accident made the basis of this lawsuit.

7.  Any and all documents in support of the contention (if applicable) that the accident made the basis of this lawsuit was unavoidable, a sudden emergency, or the like.

8.  Any and all documents in support of the contention (if applicable) that Plaintiffs were contributorily or comparatively negligent with regard to the accident made the basis of this lawsuit.

9.  Any and all documents in support of the contention (if applicable) that any of Plaintiffs' medical treatment submitted in support of the underinsured motorist bodily injury claim was not necessary.

10.  Any and all documents in support of the contention (if applicable) that any charges or itemized bills for Plaintiffs' medical treatment submitted in support of the underinsured motorist bodily injury claim were not reasonable.

Electronically Submitted
1/25/2019 3:04 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-0604-F**

11.    Any and all documents in support of the contention (if applicable) that Plaintiffs were contributorily or comparatively negligent with regard to the accident made the basis of this lawsuit.

12.    If the response to Plaintiff's Request for Admission No. 4 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's notification to Plaintiffs that the policy was not in full force and effect as of the date of the accident.

13.    If the response to Plaintiff's Request for Admission No. 5 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's notification to Plaintiffs that the premiums were delinquent, unpaid, etc. as of the date of the accident.

14.    If the response to Plaintiff's Request for Admission No. 8 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's belief that Yolanda B. Alvarado's liability insurance limits were more than $60,000.00.

15.    If the response to Plaintiff's Request for Admission No. 14 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's background check into the financial solvency of Yolanda B. Alvarado.

16.    If the response to Plaintiff's Request for Admission No. 15 is anything other than an unqualified "Admit," any and all documents evidencing Defendant's tender, or agreement to tender, Plaintiffs's underinsured motorist bodily injury limits.

17.    If the response to Plaintiff's Request for Admission No. 16 is anything other than an unqualified "Admit," any and all documents evidencing that Defendant made some written response or correspondence to Plaintiffs (or their counsel).

# EXHIBIT 1-B

**CAUSE NO. CL-19-0604-F**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
       BY SERVING ITS REGISTERED AGENT
       CORPORATE SERVICE COMPANY
       211 E 7TH ST STE 620 AUSTIN TX 78701
       OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

> 2:40 FILED O'CLOCK P M
>
> FEB 2 2 2018
>
> ARTURO GUAJARDO JR. COUNTY CLERK
> COUNTY COURT AT LAW NO. 6 OF HIDALGO CO.
> BY _____ DEPUTY

GREETINGS: YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #6 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 25th day of January, 2019 in this Cause Numbered CL-19-0604-F on the docket of said Court, and styled,

**ANGELICA RODRIGUEZ; OLGA LIDIA BENAVIDES**
**vs.**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition & Discovery Requests accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
    RODOLFO RUDY MARTINEZ, JR.
    107 EAST TULIP AVENUE
    MCALLEN TX 78504

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 7th day of February, 2019.

                          ARTURO GUAJARDO, JR.
                          COUNTY CLERK, HIDALGO COUNTY, TEXAS
                          100 N. CLOSNER
                          EDINBURG, TEXAS 78539
                          COUNTY COURT AT LAW #6

BY _____ DEPUTY
                   AURELIO ALEMAN

Electronically Submi
2/7/2019 2:55
Hidalgo County C
Accepted by: Ester Espin

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the __8__ day of __February__ , 20 _19_ , at _5:00_ o'clock _P_ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

                                                                211 E 8 7th Street STE 620

NAME _Kyle Ratzlaff_ DATE _2-14-19_ TIME _____ PLACE _Austin, Texas 78701_

By: _Faustino Balandrano_                    By: _____
         CIVIL PROCESS SERVER                              DEPUTY SHERIFF/CONSTABLE

DEFENDANT NOT SERVED
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____    By: _____
         CIVIL PROCESS SERVER                              DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Faustino Balandrano_ , my date of birth is _7-27-87_ and my address is
_6008 Jacks Street_
_Edinburg Tx 78542_ . I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _H Travis_ County, state of Texas, on the _14_ day of _February_ 20 _19_ .

_Faustino Balandrano_
DECLARANT
_5-31-2020   SCH12660_
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Mutual Automobile I.C.

211 E 7th St STE 620

Austin, Texas 78701

9590 9402 4292 8190 4669 08

2. Article Number (Transfer from service label)

7018 2290 0000 5879 4954

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X  Kyle Ratzlaff

☐ Agent
☐ Addressee

B. Received by (Printed Name)

FEB 14 2019

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

Kyle Ratzlaff

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



USPS TRACKING#

U.S. POSTAGE PAID
First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4292 8190 4669 08

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Faustino Balandrano
$ 919 French Ave Apt #2
Edinburg, Texas 78541

# EXHIBIT 1-C

Electronically Submitted
3/4/2019 9:21 AM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

## CAUSE NO. CL-19-0604-F

| | | |
|---|---|---|
| ANGELICA RODRIGUEZ and | § | IN THE COUNTY COURT |
| OLGA LIDIA BENAVIDES | § | |
|    Plaintiffs, | § | |
| | § | AT LAW NO. 6 |
| VS. | § | |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** the Defendant in the above entitled and numbered cause, and files this its Original Answer to Plaintiffs' Original Petition and would show the Court the following:

### I.

Defendant denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof.

### II.

For further answer herein, Defendant would show the court that the Texas Supreme Court has held that an uninsured/underinsured motorist carrier such as STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY herein is under no contractual duty to pay benefits until the insured (Plaintiffs herein) obtains a judgment establishing the liability and uninsured/underinsured status of the motorist. *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809, 818 (Tex. 2006). In so holding, the Supreme Court held that: 1) The insurer is under no contractual duty to pay benefits until the insured obtains a judgment

Electronically Submitted
3/4/2019 9:21 AM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

establishing the liability and uninsured status of the other motorist; 2) Neither requesting benefits nor filing suit against the insurer triggers a contractual duty to pay. _Hensen v. Southern Farm Bureau Casualty Insurance Company_, 17 S.W.3d 652, 653-54 (Tex. 2000). Where there is no contractual duty to pay, there is no just amount owed. _Brainard_ at 818; and 3) neither a settlement nor an admission of liability from the other motorist establishes UM or UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the other motorist's liability insurance. _Brainard_ at 818. **A claim for UM/UIM benefits is not presented until the trial court signs a judgment establishing the negligence of the other motorist.**

## III.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** would show that it is entitled to credits and offsets for any amounts already paid to the Plaintiffs under the terms of the insurance policy at issue.

## IV.

Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, reserves the following rights:

1. The right to elect an application of a dollar-for-dollar credit toward any judgment which may be obtained in this case;

2. The right to a determination by the trier of fact on the issues of percentage and responsibility of the Plaintiffs, each Defendant, each contributing Defendant and any other appropriate person or entities;

3. The right to a full reduction or limitation of any sums which have been or may be recovered by the Plaintiffs from any current or former Defendant and any other person or entity; and

Electronically Submitted
3/4/2019 9:21 AM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

4.   The right to contribution from any other person or entity found to be liable to the Plaintiffs.

## V.

Defendant denies that all conditions precedent to recover under the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY policy at issue has occurred.  Plaintiffs have not demonstrated that "a covered person is legally entitled to recover from the owner or operator of an insured motor vehicle because of bodily injuries sustained by a covered person. . . caused by an accident," in order to invoke coverage under the insurance policy at issue. Additionally, Plaintiffs have not proven the sum of the limits of all applicable liability bonds and policies providing liability insurance for the ownership, maintenance or use of any adverse vehicle is insufficient to compensate for Plaintiffs' actual damages.

## VI.

Texas Civil Practice and Remedies Code Section 41.0105 applies in medical and healthcare damages awarded, if any, are subject to the statutory limits set forth therein, other applicable statutory authority, and common law.  Specifically recovery of medical or healthcare expenses incurred is limited to the amount actually paid for or incurred by or on behalf of Plaintiffs.

## VII.

Defendant denies that all conditions precedent to recover under the **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** policy at issue has occurred. Plaintiffs have not demonstrated that "a covered person is legally entitled to recover from the owner or operator of an insured motor vehicle because of bodily injuries sustained by a covered person . . . caused by an accident," in order to invoke coverage under the insurance policy at

Electronically Submitted
3/4/2019 9:21 AM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

issue.  Additionally, Plaintiffs have not proven the sum of the limits of all applicable liability bonds and policies providing liability insurance for the ownership, maintenance or use of any adverse vehicle is insufficient to compensate for Plaintiffs' actual damages.

## VIII.

Liability, if any, is limited to the applicable limits of the policy in question.  Defendant pleads as an affirmative defense pursuant to Rule 194 of the Texas Rules of Civil Procedure the limitation of its liability as stated in the "Limit of Liability" clause contained in the policy sued on.  Defendant's liability is limited to the amount of uninsured/underinsured motorist coverage and reduced by any applicable reduction clauses or prorated clauses in said policy, including any offsets or credits to which this Defendant may be entitled.

## IX.

For further answer herein, should any be necessary, this Defendant contends that Plaintiff cannot recover attorney's fees from Defendant since it is under no contractual duty to pay benefits until the insured (Plaintiffs herein) obtain a judgment establishing the liability and uninsured/underinsured status of motorist and because there is no contract between the parties at issue in this lawsuit.  Therefore, there is no equitable grounds for attorney's fees under the "common fund" doctrine or under equity.

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** prays that Plaintiffs' suit be dismissed at Plaintiffs' cost and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Electronically Submitted
3/4/2019 9:21 AM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas   78520
TEL/ (956) 542-5666
FAX/ (956) 542-0016
Email: nancyg@rofllp.com

By: _____

**D. ALAN ERWIN, JR.**
Texas State Bar No. 06653020
**RANDALL GOMEZ**
Texas State Bar No. 24087599
**JOHN DANIEL "J.D." VELA**
Texas State Bar No. 24096635
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument

has been sent in accordance with the Texas Rules of Civil Procedure, to-wit:

Mario Davila
**LAW OFFICE OF MARIO DAVILA, PLLC**
P.O. Box 3726
McAllen, Texas 78502

on this the _4th_ day of _March_, 2019.

_____

**D. ALAN ERWIN, JR.**
Attorney at Law

# EXHIBIT 1-D

Electronically Submitted
3/14/2019 4:56 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

**CAUSE NO. CL-19-0604-F**

| | | |
|---|---|---|
| ANGELICA RODRIGUEZ AND | § | IN THE COUNTY COURT |
| OLGA LIDIA BENAVIDES | § | |
|     **Plaintiffs,** | § | |
| | § | **AT LAW NO. 6 OF** |
| **v.** | § | |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |
|     **Defendant.** | § | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, the Defendant in the above entitled and numbered cause, incorporated under the insurance laws of the State of Illinois and whose principal place of business is Bloomington, Illinois, and files this its First Amended Original Answer to Plaintiffs' Original Petition and would show the Court the following:

**I.**

Defendant denies all allegations contained in Plaintiffs' Original Petition, and any subsequent amendment thereto, and demands strict proof thereof.

**II.**

Defendant denies that all conditions precedent to recover under the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY policy at issue have occurred. Plaintiffs have not demonstrated that they have sustained damages which "a covered person is legally entitled to recover from the owner or operator of an insured motor vehicle because of bodily injuries sustained

1

Electronically Submitted
3/14/2019 4:56 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

by a covered person... caused by an accident," in order to invoke coverage under the insurance policy at issue.

Further, Defendant would show that Plaintiffs have not complied with all conditions precedent necessary for recovery under the policy in that the liability of the alleged underinsured driver and the nature and extent of Plaintiffs' damages have not been established by judgment or decree.

Defendant would show it is under no contractual duty to pay benefits until the Plaintiffs herein obtain a judgment establishing the liability and uninsured/underinsured status of the motorist. *Brainard v. Trinity Universal Insurance Company,* 216 S.W.3d 809, 818 (Tex. 2006). The Supreme Court held that: 1) The insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and uninsured status of the other motorist; 2) Neither requesting benefits nor filing suit against the insurer triggers a contractual duty to pay. *Hensen v. Southern Farm Bureau Casualty Insurance Company,* 17 S.W.3d 652, 653-54 (Tex. 2000). Where there is no contractual duty to pay, there is no just amount owed. *Brainard* at 818; and 3) neither a settlement nor an admission of liability from the other motorist establishes UM or UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the other motorist's liability insurance. *Brainard* at 818. A claim for UM/UIM benefits is not presented until the trial court signs a judgment establishing the negligence of the other motorist.

Additionally, and to the extent applicable, Plaintiffs have not proven the sum of the limits of all applicable liability bonds and policies providing liability insurance for the ownership, maintenance or use of any adverse vehicle is insufficient to compensate for Plaintiffs' actual damages.

### III.

Defendant avers Plaintiffs are not "insureds" under the applicable policy at issue and therefore there is no underinsured/uninsured motorist coverage available in this suit. Plaintiffs are third party claimants seeking underinsured motorist benefits from the policy of the driver of the vehicle in which

Electronically Submitted
3/14/2019 4:56 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

Plaintiffs were passengers.  By the express terms of the policy, the vehicle in question is not an uninsured motor vehicle.

## IV.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** would show that it is entitled to credits and offsets for any amounts already paid to the Plaintiffs under the terms of the insurance policy at issue.

## V.

Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** reserves the following rights:

1. The right to elect an application of a dollar-for-dollar credit toward any judgment which may be obtained in this case;

2. The right to a determination by the trier of fact on the issues of percentage and responsibility of the Plaintiffs, each Defendant, each contributing Defendant and any other appropriate person or entities;

3. The right to a full reduction or limitation of any sums which have been or may be recovered by the Plaintiffs from any current or former Defendant and any other person or entity; and

4. The right to contribution from any other person or entity found to be liable to the Plaintiffs.

## VI.

Texas Civil Practice and Remedies Code Section 41.0105 applies in medical and healthcare damages awarded, if any, are subject to the statutory limits set forth therein, other applicable statutory authority, and common law. Specifically, recovery of medical or healthcare expenses incurred is limited to the amount actually paid for or incurred by or on behalf of Plaintiffs.

## VII.

Liability, if any, is limited to the applicable limits of the policy in question. Defendant pleads as an affirmative defense pursuant to Rule 194 of the Texas Rules of Civil Procedure the limitation of

Electronically Submitted
3/14/2019 4:56 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

its liability as stated in the "Limit of Liability" clause contained in the policy sued on. Defendant's liability is limited to the amount of uninsured/underinsured motorist coverage and reduced by any applicable reduction clauses or prorated clauses in said policy, including any offsets or credits to which this Defendant may be entitled.

## VIII.

For further answer herein, should any be necessary, Defendant contends that Plaintiffs cannot recover attorney's fees from Defendant since it is under no contractual duty to pay benefits until the Plaintiffs obtain a judgment establishing the liability and uninsured/underinsured status of the underinsured motorist.  Further, Plaintiffs cannot recover any damages, including attorney's fees, because there is no contract between the parties at issue in this lawsuit. Therefore, there are no equitable grounds for attorney's fees under the "common fund" doctrine or under equity.

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** prays that Plaintiffs' suit be dismissed at Plaintiffs' cost and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

**RAMON | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800

By:*/s/ Elizabeth Sandoval Cantu*
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com

Electronically Submitted
3/14/2019 4:56 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

Electronic Service to:
efile@ramonworthington.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Rodolfo "Rudy" Martinez, Jr.
Mario Davila
LAW OFFICES OF MARIO DAVILA, PLLC
P.O. Box 3726
McAllen, Texas 78502
T: 956-322-8997
F: 956-682-3550
rudymdlaw@gmail.com
mdlawlitigation@gmail.com
**Counsel for Plaintiffs**

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

Electronically Submitted
3/14/2019 4:56 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CAUSE NO. CL-19-0604-F

| | | |
|---|---|---|
| ANGELICA RODRIGUEZ AND | § | IN THE COUNTY COURT |
| OLGA LIDIA BENAVIDES | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | AT LAW NO. 6 OF |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
|     Defendant. | § | HIDALGO COUNTY, TEXAS |

## VERIFICATION

STATE OF TEXAS          §
                                       §
COUNTY OF Collin       §


On this day, March 14, 2019, the Affiant, appeared in person before me, a Notary Public who knows the Affiant to be the person whose signature appears on this document. The Affiant, being duly sworn by me, stated upon his/her oath that he/she has read Defendant's Amended Original Answer and that the factual statements contained within Paragraph II are true and correct and based on his/her personal knowledge and belief as part of his/her duties as Claims Representative for **State Farm Mutual Automobile Insurance Company.**


SUBSCRIBED AND SWORN TO BEFORE ME on the 14 day of March, 2019.

_____
NOTARY PUBLIC, STATE OF TEXAS

JUDY MATHIS
NOTARY PUBLIC
STATE OF TEXAS
ID# 130543401
EXPIRES 2-17-2020

# EXHIBIT 1-E

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back     Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. CL-19-0604-F

| | |
|---|---|
| ANGELICA RODRIGUEZ, OLGA LIDIA BENAVIDES VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § § § § § |

| | |
|---|---|
| Case Type: | **Injury or Damage - Motor Vehicle (OCA)** |
| Date Filed: | **01/25/2019** |
| Location: | **County Court at Law #6** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Attorneys** |
| **Defendant** | **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **D ALAN ERWIN** *Retained* 956-542-5666(W) |
| **Plaintiff** | **BENAVIDES, OLGA LIDIA** | **RODOLFO RUDY MARTINEZ, Jr.** *Retained* 956-457-5150(W) |
| **Plaintiff** | **RODRIGUEZ, ANGELICA** | **RODOLFO RUDY MARTINEZ, Jr.** *Retained* 956-457-5150(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/25/2019 | **Original Petition (OCA)** *ORIGINAL PETITION & DISCOVERY REQUESTS* |
| 02/07/2019 | **Citation Issued** *STATE FARM 0604* |
| 02/22/2019 | **Citation Returned Served** *STATE FARM SERVED ON 02/14/2019* |
| 03/04/2019 | **Answer** *Defendant's Original Answer to Plaintiffs' Original Petition* |
| 03/04/2019 | **Notice of Filing, Filed** *Defendant's Jury Demand* |
| 03/04/2019 | **Notice of Filing, Filed** *Defendant's Rule 193.7 Notice of Intention to Use Evidence* |
| 03/07/2019 | **Notice of Filing, Filed** *Notice of Appearance and Designation of Attorney-In-Charge* |
| 03/12/2019 | **Motion** *Unopposed Motion to Withdraw and for Substitution of Counsel* |
| 03/12/2019 | **Order Filed** *Order Granting* |
| 03/14/2019 | **Amended** *DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION* |

---

### FINANCIAL INFORMATION

**Defendant** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
Total Financial Assessment     48.00
Total Payments and Credits     48.00
**Balance Due as of 03/15/2019**     **0.00**

| | | | | |
|---|---|---|---|---|
| 03/04/2019 | Transaction Assessment | | | 42.00 |
| 03/04/2019 | EFile Payments from TexFile | Receipt # 2019-012549 | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | (42.00) |
| 03/07/2019 | Transaction Assessment | | | 2.00 |
| 03/07/2019 | EFile Payments from TexFile | Receipt # 2019-013514 | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | (2.00) |
| 03/13/2019 | Transaction Assessment | | | 2.00 |
| 03/13/2019 | EFile Payments from TexFile | Receipt # 2019-014448 | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | (2.00) |
| 03/15/2019 | Transaction Assessment | | | 2.00 |
| 03/15/2019 | EFile Payments from TexFile | Receipt # 2019-015026 | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | (2.00) |

**Plaintiff** RODRIGUEZ, ANGELICA

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 284.00 |
| | Total Payments and Credits | | | 284.00 |
| | **Balance Due as of 03/15/2019** | | | **0.00** |
| 01/25/2019 | Transaction Assessment | | | 284.00 |
| 01/25/2019 | EFile Payments from TexFile | Receipt # 2019-005264 | RODRIGUEZ, ANGELICA | (284.00) |